

# Fourth Court of Appeals
## San Antonio, Texas

December 28, 2017

No. 04-17-00760-CR

Gregorio **ROMERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 3427-B
Honorable Bill R. Palmer, Judge Presiding

# O R D E R

The trial court imposed sentence in the underlying cause on June 9, 1998. Because appellant did not file a timely motion for new trial, the notice of appeal was due to be filed July 9, 1998. TEX. R. APP. P. 21.4 (providing motion for new trial must be filed no later than thirty days after trial court imposes sentence); 26.2(a)(1) (providing notice of appeal must be filed no later than thirty days after the day sentence is imposed if defendant does not timely file a motion for new trial).

On August 4, 2017, appellant filed a motion for new trial. The trial court held a hearing on the motion for new trial on October 24, 2017, and the trial court signed an order denying the motion on November 13, 2017. On November 8, 2017, appellant filed a notice of appeal seeking to appeal the trial court's order denying his motion for new trial.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "We generally have jurisdiction to consider an appeal by a criminal defendant only from a judgment of conviction." *Williams v. State*, Nos. 02-17-00249-CR; 02-17-00250-CR & 02-17-00251-CR, 2017 WL 4819417, at *2 (Tex. App.—Fort Worth Oct. 26, 2017, no pet.) (mem. op.; not designated for publication). "No Texas statute authorizes a direct appeal from the denial of a motion for new trial independently of the appeal of an underlying conviction." *Id.* In this appeal, appellant did not file a timely notice of appeal seeking to appeal his conviction; instead, appellant seeks to appeal the trial court's order denying his untimely motion for new trial. It is therefore ORDERED that appellant

show cause in writing within two weeks from the date this order is signed why this appeal should not be dismissed for lack of jurisdiction.  *See id*.; *see also Olivo*, 918 S.W.2d at 525 n.8 (noting "exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus").

_____
Sandee Bryan Marion, Chief Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of December, 2017.

_____
Keith E. Hottle
Clerk of Court